UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES REDMOND,

        Petitioner,                    Case No. 07-15152
                                                                 Honorable David M. Lawson

v.

JAMES WORTHINTON and KENNETH J. AUD,

        Respondents.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART CERTIFICATE OF APPEALABILITY

Petitioner James Redmond, the former superintendent of the Oakland Intermediate School District (OISD), was convicted of the common law crime of misconduct in office and of violating Michigan Compiled Laws § 15.322, which prohibits contracts between public servants and the public entity of which the public servant is an officer or employee, and was sentenced to concurrent custody terms. He filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging the sufficiency of evidence to support the convictions, the trial court's use of a general verdict form because the jury could have convicted the petitioner on an invalid legal theory, the prosecutor's use as evidence of misconduct severance agreements not approved by the OISD because the examining magistrate did not bind the petitioner over for trial on that theory of misconduct, the admission into evidence of a school board resolution because he believed that it violated his Sixth Amendment right to confrontation, a jury instruction that defined the mental state required for misconduct in office, the prosecutor's closing argument. The Court found that none of his claims had merit and denied the petition for writ of habeas corpus.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, which was amended as of December 1, 2009:

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

In its opinion, the Court reviewed the trial evidence and concluded that the State presented evidence that was sufficient for the jury to convict on each of the theories of misconduct in the first count and on the allegations of the second count. The Court does not believe that reasonable jurists could debate those issues. Similarly, the Court concluded that the use of a general verdict form was proper because all of the States' theories of misconduct were supported by sufficient evidence and could have supported the conviction. The issue of the trial court's jurisdiction on theories of guilt not addressed by the examining magistrate did not raise a substantial federal issue, and reasonable

jurists would not debate that point. Similarly, the Court found that the state courts' determination that the prosecutor's closing arguments were not improper did not unreasonably apply federal law, and reasonable jurists could not debate that point. Therefore, the Court will deny a certificate of appealability on those claims.

The Court does believe that reasonable jurists could debate the question whether the admission of the board resolution violated the petitioner's rights under the Confrontation Clause and that the issue was properly preserved in the trial court. The Court similarly believes that reasonable jurists could debate the question of the correctness of the jury instruction defining the mental state necessary for misconduct in office and whether the instruction given violated the petitioner's rights under the Due Process Clause. Therefore, the Court will grant the petitioner a certificate of appealability on those two claims.

Accordingly, it is **ORDERED** that a certificate of appealability is **GRANTED** on the claims that admission of the board resolution violated the petitioner's rights under the Confrontation Clause, and that the jury instruction defining the mental state necessary to prove misconduct in office violated the petitioner's rights under the Due Process Clause.

It is further **ORDERED** that a certificate of appealability is **DENIED** as to the remaining claims.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   July 17, 2012

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 17, 2012.

s/Deborah R. Tofil
DEBORAH R. TOFIL
